Rev. 7/06
CO Hab Corp
AO 241 amd.

**FILED**

MAR 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_Eric Rodney Hill_
NAME (Under which you were convicted)

_17477-016_
PRISON NUMBER

_F. C. I. P. O. Box 33_
PLACE OF CONFINEMENT/ADDRESS
_Terre Haute, Indiana 47808_

_Eric Rodney Hill_ )
(Full Name)          Petitioner )
)
)
v.                )
)
)
_Rick V. Veach, Warden_ )
(Name of Warden, Superintendent, Jailor, or )
authorized person having custody of petitioner) )
Respondent )

Case: 1:07-cv-00518
Assigned To : Unassigned
Assign. Date : 03/19/2007
Description: ERIC R. HILL V. RICK V. VEACH, WARDEN

## PETITION FOR WRIT OF HABEAS CORPUS 22 5 4
## BY A PERSON IN CUSTODY IN THE DISTRICT OF COLUMBIA

### INSTRUCTIONS - PLEASE READ CAREFULLY

1. This petition must be legibly handwritten or typed, and signed by the petitioner. <u>Any false statement of material fact may serve as the basis for prosecution and conviction for perjury.</u> All questions must be answered concisely in the proper space on the form.

2. Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3. Upon receipt, your petition will be filed if it is in proper order and is accompanied by a $5.00 filing fee. Your check or money order should be made payable to: Clerk, U.S. District Court.

RECEIVED

FEB 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

4.  If you cannot afford to pay the filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the affidavit on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5.  Only sentences imposed by one court may be challenged in a single petition. If you seek to challenge sentences entered by different courts, you must file separate petitions as to each court.

6.  When you have completed the form, send the original and one copy to:
    Clerk, United States District Court for the District of Columbia
    Room 1225
    333 Constitution Avenue, NW
    Washington, DC 20001

7.  <u>Petitions which do not conform to these instructions may be returned with a notation as to the deficiency.</u>

## PETITION

1.  (a) Name and location of court which imposed the sentence (or detention) of conviction you are challenging: Superior Court for the District of Columbia Et. al.

2.  (a) Date of the sentence (or detention): July 18 - 2005

3.  Length of sentence: 24 months and 60 months

4.  Nature of offense involved (all counts): A.D.W, CDW, ADW E, possession of firearm, threats,

5.  (a) What was your plea? (Check one):
    ☒ Not guilty
    ☐ Guilty
    ☐ Nolo Contendere (no contest)
    ☐ Insanity

(b)    If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____

_____
_____
_____
_____
_____
_____

6.    Have you previously filed any petitions, applications, or motions with respect to this sentence in any court?

☒  Yes
☐  No

7.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1)    Name of Court: SUPERIOR COURT

(2)    Nature of the proceedings: _____

_____
_____

(3)    Grounds raised: the U.S. attorneys
office violated mr. Hills fourteenth
amendment rights

(4)    Did you receive an evidentiary hearing on your petition, application or motion?

☐  Yes
☒  No

(5)    Result: _____

(6)    Date of result: _____

(b)    As to any second petition, application, or motion, give the same information:

(1)    Name of Court: _____

(2)    Nature of the proceedings: _____

all post conviction motions
were denied

(3)    Grounds raised: _____

_____
_____
_____

(4)    Did you receive an evidentiary hearing on your petition, application or motion?

☐  Yes
☒  No

(5)    Result: _____

(6)    Date of result: _____

(c)    As to any third petition, application, or motion, give the same information:
    (1)    Name of Court: _____
    (2)    Nature of the proceedings: *the U.S. attorneys*
*office never had the legal Right*
*to bring Eric Hill to trial*
    (3)    Grounds raised: _____
    _____
    _____
    _____
    (4)    Did you receive an evidentiary hearing on your petition, application or motion?
            ☐    Yes
            ☒    No
    (5)    Result: _____
    (6)    Date of result: _____

(d)    Did you appeal to the highest court having jurisdiction for the result of action taken in any petition, application or motion?
    (1)    First petition, etc."
            ☐    Yes
            ☐    No
    (2)    Second petition, etc.:
            ☐    Yes
            ☐    No

    (3)    Third petition, etc.:
            ☐    Yes
            ☐    No

(e)    If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not: *the U.S. attorneys*
*on the case forged documents*
    _____
    _____

8.    State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

A.    GROUND ONE:

(a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:

SUPERIOR COURT, ET. AL.,
Judge Harold L. Cushenberry,
US. atty. Joseph W. clark, U.S. atty
Susan cushman intentionally
Violated Mr. Hills Sixth and
fourteenth amendment Rights

B.    GROUND TWO:

(a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:

Eric Rodney Hill was denied
the Right to question the lead and
only Detection Kenneth Goldberg
on the case.

C.    GROUND THREE:

(a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:

the lead and only Detective
Kenneth Goldberg on the case
Refused to come To court To
Testify against Eric Hill

D.    **GROUND FOUR:**

(a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim: The only Detective Kenneth Goldberg told U.S. attorney Susan Cushman that Eric Hill was completely innocent.

9.    If any of the grounds listed in 12A, B, C, or D were not previously presented in any other court, District of Columbia or Federal, state briefly what grounds were not so presented, and give your reasons for not presenting them: Judge Harold L. Cushenberry would not allow Eric Rodney Hill to mention Det. Kenneth Goldberg

10.    Do you have any petition or appeal pending in any other court, either, District of Columbia or Federal, as to the sentence (or detention) under attack?

☐    Yes
☒    No

(a)    If so, give the name and location of the court and case number, if known: _____

11.    Do you have any future sentence to serve after you complete the sentence (or detention) under attack?

☐    Yes
☒    No

(a)    If so, give name and location of court which imposed sentence to be served in the future:

Page 7

(b)     And give date and length of sentence to be served in future: _____
_____

(c)     Have you filed, or do you contemplate filing, any petition attacking the judgment which
imposed the sentence to be served in the future?

    ❐    Yes

    ❐    No

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in
this proceeding.

_Eric R. Hill_____
Petitioner's Signature

_Feb. 13 - 2007_
Date

feb. 13, 2007     ORiginal

United states District court
for the District of columbia

Petition under 28 U.S.C. 2254 for writ
of habeas corpus by a person in federal
Custody under state court Judgment.

Petitioner. Eric Rodney Hill 17477-016
F.C.I. P.O. Box 33
Terre Haute, indiana  47808
                 VS.
Respondent. Rick V. Veach, warden
U.S.P. P.O. Box 12015
Terre Haute, indiana 47801

complaint- claim

Eric R. Hill can prove his imprisonment
or custody violates the laws of the united states
and it violates the united states constitution.

Please take into consideration that Eric Hill
does'it understand all the Legal Terminology
and his lack of Legal expertise.

Eric R. Hill has no Technicalities to offer the
court. he has documents forged by U.S. attorney
susan cushman and the overwhelming facts
and thats whats Relevant, the facts.

United States District Court
for the District of Columbia

Petitioner: Eric Rodney Hill 17477-016
                VS.
Rick V. Veach. Warden

Jurisdiction, a Prisoner may file a
2254 petition either in the district court
for the district in which he is incarcerated
or the District in which he was convicted
and sentenced.

Cases, 2631 see 28 U.S.C., see also
Spencer V. Kemma 523 U.S. 15 1998 in custody
Requirement satisfiled as long as petitioner
is incarcerated when petition is filed.

Eric Rodney Hill 17477-016
F.C.I. P.O. Box 33
Terre Haute, Indiana  47808

Eric Rodney Hill 17477-016 is attacking or challenging his illegal imprisonment, his illegal custody violates the constitution, laws, or Treaties of the United States.

The defendants, Superior Court for the District of Columbia Et. al., Judge Harold L. Cushenberry, U.S. attorney Joseph W. Clark, U.S. attorney Susan Cushman never had the Legal Right To bring Eric Rodney Hill To Trial.

The United States constitution is Supreme law of the land, the main Protection against actions by State officials is found in the fourteenth amendment.

Eight Months before Mr. Hills Trial the defendants intentionally violated Mr. Hills fourteenth amendment Rights, no State Shall deprive any person Eric Rodney Hill of Life, Liberty or Property without due Process of the law, nor deny To any person within its jurisdiction the equal Protection of the laws.

the violations from Superior court for the district of columbia Et. al. are of extreme constitutional magnitude

1

The facts smoke in gun number one, Judge Harold L. Cushenberry and U.S. attorney Susan Cushman never had the Legal Right to bring Eric Rodney Hill to trial.

On or about Sept. 3rd 2004 the lead and only Detective kenneth Goldberg on the case told U.S. atty. Susan Cushman that Eric R. Hill was completely innocent and the fact that MR. Hill was never identified by the victim.

On or about Sept. 3rd 2004 Det. Goldberg told U.S. atty. Susan Cushman not to mention his name during the grand-Jury testimony from the victim Marlin Hill no Relation about the photo array viewing sheet.

The grand-Jury testimony is included on Page 12 of the transcripts.

Susan Cushman wanted a conviction by any and all means necessary even if it meant breaking the law, by not mentioning Det. Goldberg name when questioning the victim Marlin Hill U.S. atty. Susan Cushman is guilty of obstrution of Justice.

This criminal intent went on 8 months before MR. Hills trial

2.

# ORIGINAL

1

1              SUPERIOR COURT
         FOR THE DISTRICT OF COLUMBIA

2

3    - - - - - - - - - - - - - - -x
                                 :
4    UNITED STATES               :
                                 :
5    VS.                         :    Case No. F-4635-04
                                 :
6    ERIC RODNEY HILL            :
                                 :
7    - - - - - - - - - - - - - - -x

8

9

10                              Grand Jury No. August 2
11                              555 4th Street, N.W.
                                Washington, D.C.  20001
12

13                              September 3, 2004

14
         The testimony of MARLIN HILL was taken in the
15
    presence of a full quorum of the Grand Jury, commencing at
16
    10:50 a.m., before:
17

18
         SUSAN CUSHMAN
19       Assistant United States Attorney

20

21

22

23

24

25

2

PROCEEDINGS

Whereupon,

MARLIN HILL

was called as a witness and, after first being duly sworn by

the Foreperson of the Grand Jury, was examined and testified

as follows:

EXAMINATION

BY MS. CUSHMAN:

Q.   Can you please state and spell your name for the

Grand Jury?

A.   Marlin Tyrone Hill, M A R L I N   T Y R O N E, last

name Hill, H I L L.

Q.   And before I ask you about the incident, I just want

to go over some of the rights that you have in the Grand Jury.

You have the right to know what the Grand Jury's

investigating, and in this case they're investigating the

alleged offense of ADW gun and ADW knife which occurred at

4:20 p.m. on June 24th, 2004, at 401 K Street, Northwest.  Do

you have any questions?

A.   No.

Q.   And you understand?

A.   Oh, yes.

Q.   Okay.  Under the Fifth Amendment to the Constitution

you have the right to refuse to answer any questions if the

truthful, if the truthful answer to that question would intend

1    to incriminate you.  Do you have any questions about that?

2        A.    No.

3        Q.    And do you understand?

4        A.    Yes.

5        Q.    Anything that you say or do in the Grand Jury could

6    be used against you by the Grand Jury in another legal

7    proceeding.  Do you understand?

8        A.    Sure.

9        Q.    Do you have any questions?

10       A.    No.

11       Q.    Any witness who appears in front of the Grand Jury

12   has the right to speak to a lawyer before appearing in front

13   of the Grand Jury.  The lawyer cannot be in the Grand Jury

14   with you, but any time during your testimony you can ask the

15   foreperson to excuse you from the Grand Jury so that you may

16   consult with a lawyer.  If you cannot afford a lawyer, the

17   Court may agree to appoint one for you free of charge.  Do you

18   understand?

19       A.    Yes.

20       Q.    What is your decision in regards to whether you wish

21   to speak to a lawyer before you testify in front of the Grand

22   Jury?

23       A.    I don't, I don't think that's necessary.

24       Q.    Knowing and understanding what your rights are in

25   the Grand Jury, do you agree to answer questions here in the

4

1  Grand Jury and in future proceedings?

2      A.    Yes.

3      Q.    Okay.  Mr. Hill, can you tell the Grand Jurors how

4  you're employed?

5      A.    I work for United Parcel Service. *M.T. H*

6      Q.    And --

7      A.    I'm a driver.

8      Q.    -- what do you do?

9      A.    I'm a driver.

10     Q.    And how long have you worked for them?

11     A.    Fourteen and a half years.

12     Q.    Now directing your attention to June 24th, 2004 at

13  about 4:20 p.m., were you working that day?

14     A.    Yes, I was.

15     Q.    And did you happen to make a delivery at 401 K

16  Street, Northwest?

17     A.    Several.

18     Q.    And is that in Washington, D.C.?

19     A.    Yes, it is.

20     Q.    And what type of building is it?

21     A.    It's a apartment complex for older people and

22  handicapped people. *M.T. H.*

23     Q.    And can you tell the Grand Jury what happened to you

24  as you were trying to make a delivery at about that time and

25  place?

*its clear me ... is inferenced by as. atty. ms. cushman to Lie, he states on Line 11 he never saw mr. Hill before.*

6

*when on Line 13 is it all not true which then Line 13 he states he had seen mr. Hill months earlier at same Location Susan cushman 1/14 2147*

1   under enough stress as it is, could you please just leave me

2   alone.  And then he came up and he said well, let me, let me

3   drive, let me drive the truck, you know?  And I said I can't

4   let you drive the truck, you know?  And just what struck me,

5   he kept repeating the same thing, let me drive the truck.  And

6   I said no, I can't let you drive the truck.  Will you please

7   leave me the hell alone.

8       Q.   Just -- I don't mean to interrupt, but up until this

9   point, at that day on June 24th, had you ever seen that man

10  before?

11      A.   That day?  *MARlin T. Hill*

12      Q.   Well, up until June 24th, yeah, had you seen him?

13      A.   I delivered -- I think I recall delivering a package

14  to him months earlier, but, you know -- *MARlin T. Hill*

15      Q.   At that same location?

16      A.   Um-hum.

17      Q.   Okay.  I'm sorry.  Go on.

18      A.   And after I asked him to leave me the hell alone,

19  he -- within a few minutes, he came around to maybe three or

20  four feet from the truck and he had a T-knife in his hand.

21      Q.   Could you describe what a T-knife looks like for the

22  Grand Jury?

23      A.   Well, it's not like a bowie knife that you saw in

24  the old cowboy flicks or it's not a folder, it's what people

25  use in like the fields and stuff like that, attack.  It's a --

1    it's like a -- it looks like a T, actually.  You grip the

2    handle like this, but then the, the knife part sticks out like

3    this, so you could just stab people like that, you know?  I

4    mean, it's not something that you would -- like I carry one to

5    help me cut off COD tags or to help people open up boxes.

6    There's nothing that you can't -- there's nothing non-sinister

7    about it.  It's made to hurt people.  But he was standing a

8    little ways -- about from here to that corner, from the truck.

9         Q.   Okay.  Just so the record's -- from where you're

10   sitting to the corner where the --

11        A.   About three or four feet from --

12        Q.   Thank you.

13        A.   -- the truck and I saw it in his hand and he started

14   coming towards the truck.  So I stood up and opened my

15   bulkhead door and I grabbed my handcart and I told him -- he

16   started coming closer.  I said if you, you come in this truck,

17   man, I'm going to hit you with this handcart.  Just leave.

18   You know, leave me alone.  And he started ranting stuff I

19   couldn't really tell what he was talking about and he started

20   going towards the back of the truck.  And we have back-up

21   cameras in our truck so we won't back over people or kids or

22   anything, so I turned the key on and I saw him walk behind the

23   truck and then I looked out the left side and I saw him go

24   into the building.

25        Q.   Just -- now just a minute.  When you said you

8

1   grabbed your hand truck, could you tell the Grand Jury what a

2   hand truck is, what it looks like?

3        A.   A handcart is -- they used to be steel, but now,

4   thank God, they're aluminum.  It's what we push our -- roll

5   our packages around on.  About four or five feet tall and has

6   two wheels on it and a lip.

7        Q.   And, and when you say you grabbed it, did you put

8   your hand on it?  Did you raise it above your head?  What

9   exactly --

10       A.   No, I --

11       Q.   -- did you do with it?

12       A.   I just had my hands on it so I could push it against

13  him or whatever.  I just didn't feel like being stabbed that

14  day.

15       Q.   Okay.

16       A.   But -- so we -- he went into the building and my

17  attention focused on the door.  I was just waiting for the

18  paramedics to come because I knew I was already going to get

19  in trouble because my supervisors was going to say you

20  shouldn't have pulled in there.  You got yourself blocked in.

21  I knew I was going to hear that.  So they came out and they

22  proceeded to load the person in the back of the truck and one

23  ambulance backed out and then the, the one that was really

24  blocking me proceeded to back out.  And as he backed out, I

25  drove forward.  I was, you know -- went a few feet, just kept

*U.S. atty. Susan Cormann made sure on line 5, and 17 that she did not ask victim Marlin Hill the color of the shirt.*

9

1  advancing, advancing and he was going to back in like this and

2  go on out.  So just as he was -- the ambulance had did the

3  two-point thing, back, back and was getting ready to pull out,

4  I look over and, and the guy is standing there.  And he

5  said -- he had his one hand under his shirt like this and he

6  said yeah, you, you threatened to shoot me.  You threatened to

7  shoot me.  And I'm looking at him like what, what are you

8  talking about?  What, you know -- and --

9      Q.    Did you ever threaten to shoot him?

10     A.    No.

11     Q.    Okay.

12     A.    I wouldn't make a idle threat, even if it wasn't

13 about shooting.  I, you know, I wouldn't -- I don't say things

14 that I don't mean or -- I mean, that's rare nowadays, but I

15 just -- if I don't like you, I tell you I don't like you.

16 But, you know, I just don't lie.  But that's neither here nor

17 there.  But he pulled his shirt up and showed me the weapon.

18 He had his right hand on the weapon and said yeah, I'll kill

19 you.  He said what you going to do now M-F, using foul

20 language and other foul language.  So I -- like I said, I've

21 been in UPS for 14 years, so I've seen bullets holes in trucks

22 and they, they make them real thin to be get better gas

23 mileage.  So I said well, going in the back's not going to do

24 me no good because he can still shoot me in the back.  The

25 bullet will just go right through the truck.  So I just

*[Handwritten annotation:]* for the 3rd time, U.S. atty. Susan Cushman made sure not to ask Marlin Hill the color of the shirt. on Line 5

```
 1  focused, looked him in the eyes and I said for some dumb

 2  reason, if he's going to shoot me, I'm going to, I'm going to

 3  at least make him look at me while he's, while he's going to

 4  shoot me.

 5      Q.   Now you said he lifted up his shirt and you saw the

 6  weapon.

 7      A.   Yeah.

 8      Q.   What, what did you exactly see?  Tell the Grand Jury

 9  what you saw.

10      A.   Well, my brother's a Montgomery County police

11  officer so I have, you know, some knowledge of handguns and

12  stuff.  I knew it was a -- I knew it wasn't a revolver, I knew

13  it was either a Beretta or something similar to that, which is

14  what he carries.

15      Q.   What part of the, what part of the weapon could you

16  see?

17      A.   I could see almost all of it.  He had his hand on

18  the, the grip, but it was raised up enough to where I could

19  see the slide and ejector port.  You know, it --

20      Q.   Okay.

21      A.   -- wasn't like down in his pants.  It was -- he had

22  his hand on it like this.  It was up a little bit where maybe

23  that much of the slide and barrel was still down in his pants.

24      Q.   About how much of the slide barrel?  How many

25  inches?
```

13

1          WITNESS.   I mean, it wasn't jammed all the way down

2   to the, to the grip in his pants, so he had his hand on it and

3   if, if this was the length of it and that was the top of his

4   waist, it was, it was like that.

5          GRAND JUROR.   He didn't point it at you?

6          WITNESS.   No, he didn't point it at me.

7          GRAND JUROR.   He just said what are you going to do

8   now?

9          GRAND JUROR.   Threatened --

10          WITNESS.   He threatened me.   He said I'll kill you.

11   He said you -- first -- his first words out of his mouth were

12   you threatened to kill me.   You threatened to kill me.   He

13   said, you know, now, M-F, what are you going to do, you know,

14   I'll kill you and a whole bunch of other stuff.   I can't

15   remember every word that came out of his mouth because, at

16   first, I was fixated on the gun and then I was just looking at

17   him, you know, to, to -- if it was a movement or something,

18   was I going to jump?   I'm thinking all this stuff in my mind,

19   what -- you know, looking is there a place -- what, what can I

20   do, where can I go?   But then I said there's nowhere, really,

21   so I just stared at him.   But --

22          BY MS. CUSHMAN:

23      Q.   And just so the record's clear, at any point did you

24   ever threaten to harm the defendant?

25      A.   Other than when he pulled that knife on me.   I mean,

*on Line 5,6,7, a 19 US. atty, susci cushman made ;ure not say Det. Kenneth Goldberg's name.*

12

1   pulled up onto K Street and I called 911 and told them what

2   happened and then I called UPS and told them what happened.  A

3   few minutes later, the, the officer showed up, and that's what

4   happened.

5        Q.    Did, did there -- and was there a time a couple days

6   later when you were shown this person's picture with a group

7   of other pictures in a photo array?

8        A.    Oh, yes.

9        Q.    Okay.  And, and did you identify a certain number in

10  that photo array?

11       A.    Very easily.

12       Q.    Okay.  And do you recall what number he was?

13       A.    I think it was 3 --

14       Q.    Okay.

15       A.    -- if I remember.

16       Q.    And did you later learn his name to be Eric Hill?

17       A.    Um-hum.

18            MS. CUSHMAN.   I don't have any other questions for

19  this witness.  Do any of the Grand Jurors have any questions?

20  Okay.  I see that none of the Grand Jurors are -- okay, I

21  see --

22            GRAND JUROR.   Well, I didn't quite get -- the guy

23  showed you the gun?

24  *MaRLin* WITNESS.   Yeah. *Hill*

25            GRAND JUROR.   And it was still in his pants?

14

1  I told him I was going to hit him, but, I mean, I, I --

2  that -- he provoked that.  I just was trying to -- I figured

3  if I said that, you know, maybe he wouldn't come up in there.

4  I wanted to let him know that I seriously wasn't going to just

5  stand there.  So, I mean, that seemed to work.  I thought it

6  was over.  I thought he was gone on about his business.

7          Q.    And did you ever threaten to kill the defendant?

8          A.    No.

9              MS. CUSHMAN.   Okay.  Any other questions from any

10  of the other Grand Jurors?  Okay.  I don't see any other

11  questions.

12          You're excused.  Thank you.

13          GRAND JUROR.   Thank you.

14          (Whereupon, the witness was excused at 11:05 a.m.)

15

16

17

18

19

20

21

22

23

24

25

F

15

CERTIFICATE

1

2

3

I hereby certify that the foregoing is a true and accurate
transcript, to the best of my skill and ability, from my
stenographic notes/electronic recording.

4

5
December 28, 2004

6
Date                              Elizabeth R. Junkin
                                  Court Reporter

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ON OR about Sept. 3Rd 2004 Detective Kenneth Goldberg Told U.S. attorney Susan Cushman that he will not come to court to give any Testimony against ERIC R. Hill

This CRIMINAL activity by U.S. attorney Susan Cushman Violates the laws of the United States, and it violates the United States constitution.

ON OCTOBER 8-2004 ERic Rodney Hill went before Judge Harold L. Cushenberry for the first time and MR. Hill told him everything about Det. Kenneth Goldberg, and that MR. Hill was never identified by the Victim and the fact that U.S. attorney Susan Cushman lied To the gRand-JURY.

MR. Hill ask Judge Harold L. Cushenberry for a dismissal, Judge Cushenberry stated MR. Hill you think your cute NO, MR. Hill knew he would not get a fair trial in front of Judge Harold L. Cushenberry.

ERic R. Hill PRO.se ask Judge Cushenberry for his RECUSAL, Judge Harold L. Cushenberry stated NO.

3.

Smoking Gun Number 2

Judge Harold L. Cushenberry, U.S. attorney Susan Cushman never had the Legal right to bring Eric Rodney Hill to Trial.

Eric R. Hill Pro. Se filed a motion to Judge Cushenberry asking for his Recusal and on october 21-04 in front of Judge Cushenberry Mr. Hill begged Judge Cushenberry for his Recusal, the Judge stated no that he's god.

Motion for Recusal included

This criminal activity by Judge Cushenberry went on 8 months before Mr. Hills Trial and it violates the laws of the united States and it violates the united States constitution.

Eric R. Hill Pro. Se did his own investigation on the case and on Dec. 20-04 Mr. Hill met with U.S. attorney Joseph W. Clark at DC. Superior court and Mr. Hill played an audio tape of Detective Kenneth Goldberg lying about the search warrant, Mr. Hill asked U.S. atty. Clark for a dismissal, but Joe Clark said no.
On 12-20-2004 U.S. atty. Joseph W. Clark knew Eric Rodney Hill was completely innocent.

4.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CRIMINAL DIVISION

FELONY BRANCH

UNITED STATES                          :

      v.                               :          Criminal Case No. F-4635-04

ERIC HILL                              :

<u>ORDER</u>

This matter is before the Court based upon correspondence received from the defendant which was received in chambers on October 15, 2004. In his letter, defendant petitions the Court to address issues of self-representation and the Court's recusal. It is this 18th day of October 2004,

**ORDERED**, that all parties are to appear on **Thursday, October 21, 2004,** at 9:30 A.M., in **Courtroom #319,** D.C. Superior Court, for a hearing to address the issue of the defendant's representation and the Court's recusal.

HAROLD L. CUSHENBERRY, JR.
Associate Judge
(Signed In Chambers)

COPIES MAILED TO:

Cyril Barry                                    Eric Hill  5-9-2005 E.R.H
P.O. Box 2591                                  401 K Street NW, Apt 215
Washington, DC 20013                           Washington, DC 20001

Chief, General Felony Section
U.S. Attorney's Office

*I knew i was not going to get a fair trial so I beg Judge Harold cushenberry for his recusal and for 8 months a dismissal, but all motions were ignored or denied. Judge cushenberry violated my civil and constitutional Rights, with his abuse of authority and corruption in the law is insane. 5-9-2005 E.R.H.*

*RECEIVED ON 12-20-2004 from Joseph W. Clark Extra*

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CRIMINAL DIVISION - FELONY BRANCH**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No.    F-4635-04 |
| | : | |
| v. | : | |
| | : | |
| | : | Judge Harold L. Cushenberry, Jr. |
| | : | Status: October 8, 2004 |
| ERIC R. HILL | : | |
| | : | |

### NOTICE OF FILING

The government requests that the attached correspondence, dated October 8, 2004, be

made part of the record in this case.

*on page 2 the U.S. atty office Refused to include as physical evidence the black shorts, black pants and I.D. found by Det. Goldberg on the forged search warrant. on 12-20-04 Joseph W. Clark scratch out the I.D. copy found by Det. Goldberg*

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

*Joseph W. Clark*

Joseph W. Clark
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7470

### Certificate of Service

I hereby certify that I caused a copy of the Notice of Filing to be served via hand-served,
upon counsel of record for the defendant, this 8th day of October, 2004.

*Joseph W. Clark*

Assistant United States Attorney

*Eric R. Hill*

*Even if i wanted T Take the plea offe. i was made aware of it a month and ahalf later.*

Commission's voluntary sentencing guidelines in imposing the sentence in this case. This plea offer is contingent upon an agreement between the Government and your client that neither party will seek an upward or downward departure outside of your client's applicable guideline range. Your client further understands that the applicable guideline range will not be determined by the court until the time of sentencing. This plea offer expires on November 1, 2004, or upon your client's re-arrest or violation of any condition of release, whichever comes first. The government reserves the right to withdraw this plea offer at any time prior to acceptance.

## II.    Discovery

### A.    Documents

Copies of the following documents are enclosed with this letter:

- PD 163
- PD 251
- PD 252
- Affidavit in Support of Application for Search Warrant
- Affidavit in Support of an Arrest Warrant
- Photo Viewing Sheet
- Photo Array
- ~~Copy of Defendant's Driver's License~~ *DWC 12/20/04*

### B.    Evidence

#### 1.    Physical Evidence

At trial the government may seek to introduce the physical evidence that is described on the attached police reports and those items listed below. This evidence includes:

- Photographs of the scene, evidence and your client
- Diagrams or maps of the location where the incident occurred
- Weapon (knife)

#### 2.    Radio Run Information

____ The government believes there are no recorded communications relevant to this case.

__X__ The government believes that there may be recorded communications relevant to this case. The recording will be provided consistent with the government's obligations under the Jencks Act. Should we determine that we may use the recorded communications as evidence at trial, we will provide you a copy of the tape after we receive it.

*I Received This document on 12-20-04 fRom U.S. ctH Joe Clark, its clear This document has been foRged also, The U.S. atty. office never had the Right To bring ERIC Hill To TRIAL.*

20040525
7/1/04

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
**SEARCH WARRANT**

TO:    CHIEF OF POLICE OR ANY OTHER LAW ENFORCEMENT OFFICER
(Specific Law Enforcement Officer or Classification of Officer of the Metropolitan Police Department or other Authorized Agency)

Affidavit, herewith attached, having been made before me by    Det. Goldberg , D2-47
Metropolitan Police Department                                          that he has probable cause to believe
that on the (person) (premises) (vehicle) (object) known as    401 K ST. NW. DC. APARTMENT 215, AS DESCRIBED IN THE
AFFIDAVIT IN SUPPORT OF A SUPERIOR COURT SEARCH WARRANT.

in the District of Columbia, there is now being concealed certain property,    ANY FIREARM, FIREARM PARAPHERNALIA, KNIFE
WITH A TRIANGULAR BLADE, PROOF OF RESIDENCE.

which is    EVIDENCE RELATED TO THE COMMISION OF A CRIME    .    and as I am satisified
(Alleged grounds for seizure)

that there is probable cause to believe that the property so described is being concealed on the above designated (person) (premises)
(vehicle) (object) and that the foregoing grounds for issuance of the warrant exist.

YOU ARE HEREBY AUTHORIZED within 10 days of the date of issuance of this warrant to search in the daytime/at any time of the
day or night, the designated (person) (premises) (vehicle) (object) for the property specified and if the property be found there.

YOU ARE COMMANDED TO SEIZE IT, TO WRITE AND SUBSCRIBE an inventory of the property seized, to leave a copy of this
warrant and return to file, a further copy of this warrant and return with the Court on the next Court day after its execution.

Issued this  1st  day of   July   , 20  04

                                                          Judge, Superior Court of the District of Columbia

**RETURN**

I received the above detailed warrant on              7/1              , 20 04    and have executed it as follows:
On      7/8      , 20 04 , at          4:50 pm          M., I searched the
(person) (premises) (vehicles) (object) described in the warrant and I left a copy of the warrant and return with
Copy left alone in the apartment on table          properly posted.
(Name of person searched or owner, occupant, custodian or person present at place of search)

The following is an inventory of the property taken pursuant to this warrant:
Black pr. Pants
Black handled Knife w/ Triangular blade & Black sheath
Black pr. Shorts
ID Proof of residence

This inventory was made in the presence of  Det. Goldberg, Det Ho, Det. Monroe
Det. Myles, Det Freeman, Det Hawkins, SGT Davis, Det Suds, Det
Williams
I swear that this is a true and detailed account of all property taken by me under this warrant.
                                                          Det. K Sal
                                                          Executing Officer

Subscribed and sworn to before me this  8th  day of      July                          20 04

                                                          Judge, Superior Court of the District of Columbia

Form CD(17)-1055 / Mar. 85
9-2794 wd-234

1C

Smoking Gun number 4

Judge Harold L. Cushenberry, U.S. attorney Susan Cushman never had the legal Right to bring Eric Rodney Hill to trial.

A month before Mr. Hills Trial U.S. attorney Susan Cushman filed a motion to continue. Ms. Cushman knew lead Det. Kenneth Goldberg lied about the search warrant and he lied about the identification procedure, also Susan Cushman knew on 9-3-04 that Detective Kenneth Goldberg was never coming to court period.

U.S. attorney Susan Cushman needed more time to make up another lie.

Judge Cushenberry and U.S. atty. Susan Cushman intentionally violated Eric Hills six amendment Rights, Mr. Hill has the Right to question the witness Det. Kennieth Goldberg about were evidence came from and what statements were made.

Detective Kenneth Goldberg took responsibility for his obstruction of Justice by not showing up for these 7 Trial dates all continue by the government. 1-19-05, 1-24-05, 2-16-05, 3-3-05, 5-9-05, 5-10-05, 5-11-05.

6.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CRIMINAL DIVISION

FELONY BRANCH

UNITED STATES                              :

    v.                                    :          Criminal Case No.  F-4635-04

ERIC HILL                                  :

## ORDER

    This matter is before the Court on the government's Motion to Continue Trial Date.  This case is scheduled for trial on May 9, 2005.  The government asserts that the lead detective will be on leave and out of the jurisdiction from May 5-14.  This detective executed the search warrant at the defendant's residence and showed the victim the photo array.  Government counsel further states that no other police officer or detective was present during the identification procedure and counsel believes that identification is likely to be a contested issue at trial.  The trial date in this case was on March 3, 2005, and the government offers no explanation for its failure to learn about the detective's leave schedule in a timely fashion.    Accordingly, upon consideration of the government's Motion, it is this 27th day of April 2005,

    **ORDERED**, that the government's Motion to Continue Trial is **DENIED**.

_____

HAROLD L. CUSHENBERRY, JR.
Associate Judge
(Signed In Chambers)

Smoking Gun number 5 in Plain english

Judge Harold L. Cushenberry, U.S. attorney Susan Cushman never had the legal Right to bring Eric Rodney Hill to trial.

the defendant Eric R. Hill Pro.se had Proven his innocence 8 months before trial and Eric R. Hill caught Two U.S. attorneys breaking the law. also mr. Hill is using the U.S. attorneys forged documents against them.

No its not a conspiracy they just got caught, Eric Rodney Hill Pro.se stepped on their arrogance and bruised their egos and they wanted Revenge.

On or about may 9th 2005 at the beginning of his trial U.S. attorney Susan Cushman handed Eric R. Hill Pro.se a government exhibit 4-A Carciels 800-783-0399 the police photo array viewing sheet, mr. Hill noticed it had been forged.

U.S. attorney Susan Cushman is guilty of obstruction of Justice, which is a crime in most jurisdictions. CASES. Sentencing and Punishment administration, 1, 3-4, 16, 18-20, 25-30, 33, 35-36, 38

7.

Smoking Gun number 5 continued

Forgery. A Person committs the offense of forgery if that person makes, draws, or utters a forged written instrument with intent to defraud or injure another. Dec. 1982 DC. law 4-164, 141, 2d DCR. 3976.

U.S. attorney Susan Cushman had erased all the information from the middle of the viewing sheet to conceal Detective Kenneth Goldbergs lies about the identification procedure. U.S. atty. Susan Cushman forgot Mr. Hill had the original.

Forgery. Criminal offense at common law and under statutes defining the term variously 36 AM. J2d for. 1, Green v. fla. 76 So 2d 645. ALR 2d 547.

This vindictive prosecution by U.S. attorney Susan Cushman went on for 8 months before Mr. Hills Trial, it violates the laws of the United States and it violates the United States Constitution.

This is a historic miscarriage of justice, Eric R. Hill did everything right, the U.S. attorneys office did everything wrong.

8

R-20-2004

*ORiGiNAL*

# METROPOLITAN POLICE DEPARTMENT
## PHOTO VIEWING SHEET
### UNIT: _ID/OSD_

In a moment you will be shown a group of photographs. This group of photographs may or may not contain a photograph of the person who committed the crime you witnessed or were the victim of. It is important that you keep in mind that hairstyles, beards, and mustaches may be changed. Also keep in mind that a person's complexion may look different in a photograph-it may be lighter or darker than shown in the photograph. Pay no attention to any markings or numbers on the photograph or any other differences in the type or style of the photograph.

Please take your time and look at <u>ALL</u> of the photographs carefully before you say anything or select a photograph. After you have looked at all the photographs, tell me whether or not you see any person(s) that you recognize as the individual who committed the crime.

CCN: _04-086914_

DATE OF VIEWING: _6/27/04_

LOCATION OF VIEWING: _Checkers on N.Y._

VIEWER NAME: _C-1_

ADDRESS: _C-1's_

TIME:     START _0801_

          END _0805_

PHOTO ARRAY (SHOWN IN THE FOLLOWING ORDER)

1. PDID#: _1_
2. PDID#: _2_
3. PDID#: _3_
4. PDID#: _4_
5. PDID#: _5_
6. PDID#: _6_
7. PDID#: _7_
8. PDID#: _8_
9. PDID#: _9_

STATEMENT MADE BY VIEWER; _Pointed to #3 " Theats him!_
_Right there._

PHOTO IDENTIFIED.     # _3_

SIGNATURE OF VIEWER: _Marlf Hill_

DETECTIVE: _Det. K._          _D2-47_

WITNESSED BY: _Det 18_          _Det 296_

*forged*

# METROPOLITAN POLICE DEPARTMENT
## PHOTO VIEWING SHEET
UNIT: _10 / 050_

GOVERNMENT
EXHIBIT
40

CARDELL 800-788-0398

STATEMENT MADE BY VIEWER: _Pointed to # 3 " Thats him,_
_Right there_

PHOTO IDENTIFIED: # _3_

SIGNATURE OF VIEWER: _Mark T Hill_

DETECTIVE: _Det. K_____   D2 -40

WITNESSED BY: _Det. J8_____   Det 296

In the beginning of U.S. F4635-04 .VS. ERIC Rodney Hill PRO.se, MR. Hill TURN himself into authorities and MR. Hill was Released on personal Recognizance and MR. Hill knew he would not Receive a fair TRIAL in front of Judge Harold L. Cushenberry, but ERIC R. Hill Refused To be a fugitive from Justice To keep his freedom.

There's no doubt the defendants, Superior court for the district of Columbia ET. AL., Judge Harold L. Cushenberry, U.S. Attorney Joseph W. clark and U.S. Attorney Susan Cushman Took advantage of ERIC R. Hill Representing himself in court and MR. Hills lack of Legal EXPERTISE, its called MORAL DURESS.

A form of DURESS, the over persuasion in stressing importunity, imposition, oppression OR taking of undue extreme advantage of the weakness of another person. 25 AM. Jrd., canc. mst 28.

In U.S. F4635-04 .VS. ERIC Rodney Hill the defendants threw the united states constitution out the window.

9.

The conclusion, the overwhelming facts, that which exists, that which is Real.

Before U.S. atty. Susan Cushman went to the grand-jury on 9-3-04 To ask for the indictment, the lead and only Detective Kenneth Goldberg on the case told U.S. attorney susan Cushman that the defendant Eric B. Hill was never identified by the victim and that Eric B. Hill was completely innocent.

Before 9-3-04, Det. Goldberg told U.S. attorney Susan Cushman he will not come To DC. Superior Court To testify against Eric B. Hill, Det. Goldberg Told U.S. atty. Susan Cushman not to mention his name during the grand-jury Testimony of the victim and U.S. atty. Susan Cushman made sure not to mention his name.

Det. Goldberg told U.S. atty. Susan Cushman not to mention his name during any court proceedings or any motions she may file with DC. Superior Court.

U.S. attorney Susan Cushman planned this 8 months before Eric B. Hills Trial, MS. Cushman knew that MR. Hill would not be able To meet or Question this mistery man Detective Kenneth Goldberg.

10.

U.S. Atty. Susan Cushman Knew Detective Kenneth Goldberg was it coming to court, and she violated Mr. Hills Sixth and fourteenth amendment Rights,

On or about May 9th 2005 U.S. Atty. Susan Cushman forged a government documents, She denied Mr. Hill Equal Protection of the law.

On or about 12-20-04 U.S. Atty. Joseph W. Clark forged a government document, he denied Mr. Hill Equal Protection of the law.

Judge Harold L. Cushenberry allowed Two U.S. attorneys to forged documents and committ crimes against Eric R. Hill, Judge Cushenberry denied Eric R. Hill the Right to question the only Detective Kenneth Goldberg on the case.

These are not Technicalities Eric Hill begged Judge Cushenberry for a dismissal 7 times and Eric Hill begged Judge Cushenberry for his Recusal 7 times.

The Petitioner Eric Rodney Hill 17477-016 has Provided the U.S.D.C. for the district of columbia with overwhelming facts,

11.

That which exists, that which is Real, that which is True, an actuality, or that which Took Place, not that which might or might not have Occurred. Churchill Vs. Meade, 92 OR 626, 182 P. 368

Eight months before the petitioners Trial the defendants, Judge Harold L. Cushenberry, U.S. Attorney Joseph W. Clark and U.S. Attorney Susan Cushman created a fundamental unfairness that violated Eric R. Hill Sixth and fourteenth amendment Rights.

These Violations are of Extreme constitutional magnitude.

The Relief Eric, Rodney Hill 17477-016 is asking from the court is To vacate the conviction and Release Eric R. Hill from his illegal imprisonment Please.

To leave Eric Rodney Hill in his illegal imprisonment would be a historic, extreme, constitutional miscarriage of Justice.

Eric R. Hill 17477-016   Eric R. Hill
F.C.I. P.O. Box 33
Terre Haute, indiana 47808

12.

feb. 13, 2007

MR. Hills petition under 28 U.S.C. 2254 for writ of habeas corpus by a person in federal custody under state court judgment.

The defendants are, Superior court for the District of columbia. ET. AL., Judge Harold L. cushenberry, U.S. atty. Susan cushman, U.S. atty. Joseph W. Clark.

Judge Harold L. cushenberry intentionally violated Eric R. Hills sixth and fourteenth amendment rights 8 months before Eric Hills Trial. Judge Harold L. cushenberry denied six motions filed by Eric Rodney Hill, and all post-conviction motions.

Eric Rodney Hill has done everything by the book and MR. Hill can not file anything with the defendant Judge Harold L. cushenberry.

The defendants created a fundamental unfairness that violated Eric R. Hills fourteenth amendments rights, these violations are of extreme constitutional magnitude.

The local Remedy is inadequate and ineffective.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CRIMINAL DIVISION—FELONY BRANCH

UNITED STATES                    :

    v.                          :        Criminal Case No. F-4635-04

ERIC HILL                        :

## ORDER

This matter is before the Court based upon Defendant's *pro se* Motion to Set

Aside Sentence, Vacate Conviction, and Order New Trial on the grounds of Newly

Discovered Evidence and Prosecutorial Misconduct, received on June 30, 2006, pursuant

to Super. Ct. Crim. R. 33. Bouknight v. United States, 867 A.2d 245 (D.C. 2005). This

Court has addressed similar motions by Defendant in the past, and will not entertain the

same or similar requests for relief again.

I.      PROCEDURAL HISTORY

On July 18, 2005, Defendant was sentenced to the following five counts: "B" –

Assault with a Dangerous Weapon; "C" – Carrying a Dangerous Weapon (knife); "D" –

Assault with a Dangerous Weapon; "E" – Possession of an Unregistered Firearm During

a Crime of Violence; and "F" – Threats to do Bodily Harm. The Court imposed a

sentence of twenty-four (24) months on "B, C, D, F," and sixty (60) months on "E," all of

which runs concurrently.

Not including the present motion, Defendant has filed at least six (6) motions with

this Court in the past year and a half. On April 27, 2005, Defendant filed a Motion to

Dismiss, citing the same claims of prosecutorial misconduct as are raised in the instant

motion, among other things. On June 29, 2005, Defendant filed a Motion to Expedite

1

Sentencing, on account of his need to discuss alleged health problems with the Court. However, in that same motion, Defendant again raised the same claims of prosecutorial misconduct as are represented here. On June 20, 2005, Defendant filed a Motion to Overturn Conviction based on the Court's alleged misconduct. On July 7, 2005, Defendant filed a Motion for a Hearing to make representations as to his failing state of health. A few months later, on November 10, 2005, Defendant filed a motion with the Chief Judge, which again mentioned the notion of prosecutorial misconduct. Then, on November 15, 2005, Defendant's counsel filed a Motion to Reduce Sentence based on Defendant's good behavior while incarcerated.

Defendant again requests this Court grant him a new trial, because he believes there is newly discovered evidence that indicates prosecutorial misconduct. Defendant maintains that U.S. Attorney Susan Cushman is guilty of prosecutorial misconduct because detective Kenneth Goldberg allegedly told her that Defendant was innocent; Goldberg also allegedly told Cushman not to mention his name during the Grand Jury testimony, which she abided by; Cushman allegedly tampered with discovery materials, including Metropolitan Police Department's viewing sheet and she allegedly coached the victim on what to say to the Grand Jury. See Def.'s Mot., June 24, 1006.

Defendant also believes U.S. Attorney Joseph W. Clark committed prosecutorial misconduct. Defendant claims Clark told him it was too late to present an alibi, and that Clark told someone before trial that he had to identify Defendant as Eric Hill (Defendant himself).

Defendant's claim goes to an issue addressed in several of Defendant's previous motions. For this reason, and because Defendant's claim lacks merit, Defendant's motion is denied.

## II.    DISCUSSION

### A. *Defendant's motion is denied because it is successive.*

Defendant fails to raise new claims in support of the requested relief; however, this Court is not obliged to reconsider repeated contentions that were already rejected. See Vaughn v. United States, 600 A.2d 96 (D.C. 1991). In fact, "controlling weight may be given to the denial of a prior application for collateral relief on the same ground if that denial was on the merits, unless the ends of justice require that the claim be considered anew." Sanders v. United States, 373 U.S. 1, 15 (1963).

In reviewing Defendant's previous motions, the Court either found the prosecutors' conduct to be acceptable, or the alleged misconduct did not rise to a level necessary to warrant a new trial. Because this motion raises the exact same issues and supporting evidence as Defendant's motion received on June 29, 2005, as well as pieces of Defendant's other motions, all of which were addressed by this Court, Defendant's motion is successive, and can be denied on this basis alone

### B. *Notwithstanding the successive nature of this motion, it would still be denied, because Defendant proffers no new evidence of prosecutorial misconduct, and many of Defendant's factual assertions have no legal merit.*

After reading Defendant's motion, it is apparent that he simply attempts to re-litigate matters the Court has previously considered and found meritless. According to the Local Rules, "the Court may grant a new trial to the defendant if the interest of justice so requires." Super. Ct. Crim. R. 33. In Wilson, the court held that a motion for a new

3

trial may be decided without a hearing, generally speaking. <u>Wilson v. United States</u>, 380

A.2d 1001 (D.C. 1977). In order to receive a new trial on the basis of newly discovered

evidence, the party bringing the motion must satisfy each of the following elements: (1)

the evidence must have been discovered since the trial; (2) the party must have acted

diligently in the attempt to procure the newly discovered evidence; (3) the evidence relied

on must not be merely cumulative or impeaching; (4) it must be material to the issues

involved; and (5) of such nature that it would likely produce an acquittal in a new trial.

<u>See</u> <u>Bouknight</u>, 867 A.2d at 255.

Defendant's assertion that he has newly discovered evidence to support his

prosecutorial misconduct claim is meritless. Defendant's claim rests on alleged

prosecutorial misconduct that occurred prior to trial, and that Defendant had knowledge

of prior to trial. As a result, Defendant does not meet the first prong set out in <u>Bouknight</u>.

<u>Id.</u>

In addition, it is unclear that Defendant's evidence would produce an acquittal if a

new trial were granted. Even if true, many of the facts alleged by Defendant appear to be

legally insignificant.

Because Defendant does not satisfy all of the requisite elements listed in

<u>Bouknight</u>, Defendant's claim of prosecutorial misconduct is meritless.

Because Defendant's Motion is successive and without merit, it is this **14th day of**

**July 2006,**

**ORDERED,** that Defendant's *pro se* Motion is **DENIED**.

AND IT IS FURTHER,

**ORDERED,** that the Court will not address any other post-conviction motions

from Defendant that request the same relief.

5

_____
HAROLD L. CUSHENBERRY, JR.
(Associate Judge)
(Signed in Chambers)

COPIES MAILED TO:

Chief, Felony Trial Section
United States Attorney's Office

Eric Rodney Hill
Fed. Reg. # 17477-016
U.S.P. P.O. Box 12015
Terre Haute, IN 47801